IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD ALLEN DEVILLIER, ET AL. | § | |
| *Plaintiffs* | § | |
| | § | |
| V. | § | Civil Action No. 3:20-cv-00223 |
| | § | |
| THE STATE OF TEXAS | § | |
| *Defendant* | § | |

**DEFENDANT'S RESPONSE TO PLAINTIFFS' MOTION TO STRIKE DEFENDANT'S EXPERT DISCLOSURES**

Defendant the State of Texas files this Response to Plaintiffs' Motion to Strike Defendant's Expert Disclosures (Doc. 103) and puts forth the following arguments in support of retaining the expert disclosures:

In *Moore*, a case cited by Plaintiffs, this Court articulated that even if Rule 26(a)(2)(C) was not met, the Court still had to determine whether the non-compliance with the rule was harmless. *See Moore v. City of Houston*, No. CV H-17-2505, 2019 WL 8886239, at *3 (S.D. Tex. Nov. 12, 2019).  The Court looks at 4 factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Id*. (citing to *Tex. A&M Res. Found, v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003)).

The examination of the four elements go in favor of the State. On December 20, 2022, the State of Texas designated 8 individuals under Rule 26(a)(2)(C). Each of these

individuals are both fact witnesses (they have knowledge of their work and what they did involving IH 10), and expert witnesses (their work product). The State believes that it properly disclosed all the information required under the Rule. All 8 individuals have been previously reported by the State as persons with knowledge of facts within the State's initial disclosures. However, even if this Court believes the disclosure was incomplete, all 8 individuals have been known to Plaintiffs through written discovery and production provided to the Plaintiffs indicating these individuals' opinions and how those opinions were formed.

For example, Plaintiffs in Requests for Admissions 32 – 52 asked for admissions on design criteria for projects developed by TXDOT, and then asked within Interrogatories for the names of individuals who assisted in answering such responses. *See Ex. A*. The State responded to the Interrogatories by providing RoseMarie Klee, H&H Section Director, TxDOT Design Division as the individual who assisted in those responses. *See Ex. B* (also naming Adam Jack as another who assisted in responding to admissions). The State's response correlates to the State's expert disclosure describing that she would explain "the review, analysis, study, and/or examination of construction projects for hydraulics and hydrology, as well as preparing and interpreting the Hydraulic Design Manual and the application of federal and state guidelines for hydraulics and hydrology." *See Doc. 103, Ex. A*.

Many of the other designated experts' opinions are from reports generated during the development of the design and construction of the CSJs at issue in this case. These reports have been provided to Plaintiffs via production responses. *See, e.g, Ex. C – E*.

Therefore, the Plaintiffs are well aware of the opinions and the basis of those opinions even before such designation was made by the State.

In addition to these, Plaintiffs have already had an opportunity to discuss opinions rendered by both Adam Jack and Veronica Hodge, two individuals designated by the State. Adam Jack testified at the Motion for Class Certification, by which his opinions regarding the design, construction, maintenance and operation were discussed on both direct and cross. Veronica Hodge was actually deposed by the Plaintiffs in Sept. 2022 even prior to their expert designations and were able to vet her opinions and the bases of those opinions of reports made for the CSJs she worked on.

The information that Plaintiffs seek to strike is the exact information Plaintiffs believe the State used to design, construct, operate and maintain IH 10, which is the highway the Plaintiffs complain flooded. Without the ability of these non-retained witnesses to explain their findings and how they reached those opinions, the State would not be able to defend its case, nor would the Plaintiffs be able to explain how or why these reports are allegedly incorrect. For example, Plaintiffs relied on information provided by Jamshid Jahangri, PE as an exhibit in support of their Motion for Class Certification. *See Doc. 87-2, Ex. 23*. His opinions regarding the information with that exhibit, as well as other information that came during the course of his involvement with IH 10, are known to Plaintiffs. All of this weighs in favor of the State for the first and second *Moore* factors.

Finally, the issues Plaintiffs complain of can be cured by a simple amendment to the disclosures to specify the specific opinions already disclosed to Plaintiffs during the course of discovery, should the Court believe that the disclosures are insufficient. It should be

noted that when Plaintiffs conferred to file their Motion to Strike, no explanation was provided. *See Ex. F*. If their issue was one of incompleteness, there was a chance for Plaintiffs to discuss their issues with counsel for the Defendant to see if a resolution without the Court's involvement could have been achieved prior to filing their motion. This satisfies the 3rd prong within *Moore*.[1]

Therefore, the State respectfully asks this Court to deny Plaintiffs' Motion to Strike. In the alternative, the State asks the Court to allow it to amend disclosures to specify the information and opinions already and previously disclosed to Plaintiffs.

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

GRANT DORFMAN
Deputy First Assistant Attorney General

SHAWN COWLES
Deputy Attorney General for Civil Litigation

NANETTE M. DINUNZIO
Chief, Transportation Division

/s/ *Glorieni M. Azeredo*
GLORIENI M. AZEREDO
Attorney-in-Charge
Assistant Attorney General

---

[1] There is an argument to be made that Plaintiffs failed to comply with Local Rule 7.1(D), which prescribes that a movant must confer with the respondent and that counsel could not agree as to the disposition. The spirit of such a rule is to see if the parties could attempt to resolve the issue without the Court's involvement. Since Plaintiffs failed to state a basis for their motion, counsel for the State had no choice but to oppose the motion since no explanation was provided for counsel to understand the basis of said motion. This further supports both a reason to deny such a motion or allow the State to amend to clarify.

Southern Dist. No. 3339635
State Bar No. 24077840
LISA MCCLAIN MITCHELL
Assistant Attorney General
Southern Dist. No. 572948
State Bar No. 90001724
Transportation Division
P.O. Box 12548
Austin, Texas 78711-2548
512-936-1175 (Azeredo)
512-936-1431 (Mitchell)
512-936-0888 – Fax
Email: glorieni.azeredo@oag.texas.gov
Email: lisa.mitchell@oag.texas.gov

COUNSEL FOR DEFENDANT

### CERTIFICATE OF SERVICE

I certify that that on January 5, 2023, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

*/s/Glorieni M. Azeredo*
**GLORIENI M. AZEREDO**