United States District Court
Southern District of Texas

**ENTERED**

March 31, 2023

Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD & WENDY DEVILLIER, *et al.*, | § § § | |
| Plaintiffs. | § § § | |
| V. | § § | CIVIL ACTION NO. 3:20-cv-00223 |
| STATE OF TEXAS, | § § § | |
| Defendant. | § | |

## OPINION AND ORDER

Pending before me is an Opposed Motion to Extend Time to File a Response to Plaintiffs' Motion for Partial Summary Judgment and to Extend the Dispositive Motion Deadline (Dkt. 124) filed by the Defendant, the State of Texas ("the State").[1] The State requests a two-week extension of its March 31, 2023 deadline[2] for responding to Plaintiffs' Motion for Partial Summary Judgment (Dkt. 109). The State also seeks to modify the March 11, 2022 Docket Control Order (Dkt. 80) by extending the April 13, 2023 deadline for filing dispositive motions by two weeks to April 27, 2023. Plaintiffs oppose both of the State's requested extensions.

In their response, Plaintiffs argue that "the State 'doesn't even address, much less satisfy, Rule 16(b)(4)'s good-cause standard.'" Dkt. 125 at 2 (quoting *Batiste v. Lewis*, 976 F.3d 493, 500–01 (5th Cir. 2020)). Curiously, the State replies to this argument without questioning its underlying presumption—that

---

[1] There are two other motions pending before me in this matter. The first is a Motion for Class Certification. *See* Dkt. 69. I was waiting to rule on that motion until the State's interlocutory appeal to the Fifth Circuit of the denial of its motion to dismiss concluded. The Fifth Circuit issued its mandate only one week ago. *See* Dkt. 122. Also pending before me is a Motion to Stay, filed by the State. Dkt. 110. The response deadline for this motion was March 20, 2023, but the parties jointly stipulated to extend Plaintiffs' deadline for responding to the State's Motion to Stay to April 7, 2023. *See* Dkt. 116.

[2] This deadline was extended from March 9, 2023 to March 31, 2023 by agreement of the parties. *See* Dkt. 116.

Rule 16(b)(4) is the right standard for evaluating *each* of its requested extensions. It is not, as only one of the State's requested extensions requires modifying the Docket Control Order (a/k/a, scheduling order).

## LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). This inquiry "requires a party 'to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009) (quoting *S & W Enters., LLC v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). The Fifth Circuit has explained that there are four factors to consider "when determining whether there is good cause under Rule 16(b)(4): (1) the explanation for the failure to timely comply with the scheduling order; (2) the importance of the modification; (3) potential prejudice in allowing the modification; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Cos.*, 782 F.3d 224, 237 (5th Cir. 2015) (cleaned up). Rule 16(b), however, applies only to the modification of a Rule 16 scheduling order.

Where a deadline is not governed by a more specific rule, like Rule 16, "Federal Rule of Civil Procedure 6(b) permits a district court to extend the various timelines set forth in the Federal Rules of Civil Procedure." *L.A. Pub. Ins. Adjusters, Inc. v. Nelson*, 17 F.4th 521, 524 (5th Cir. 2021). Rule 6 provides that "the court may, for good cause, extend the time" for "an act [that] may or must be done within a specified time." FED. R. CIV. P. 6(b)(1). Despite using the same words, the "good cause" standard under Rule 6(b) is a far more lenient standard than the Rule 16(b)(4) "good cause" standard. Importantly, under Rule 6(b), if an extension is made "prior to the expiration of the time limit at issue, a court may extend the period *for any reason*, upon a party's motion or even on its own initiative." *Nelson*, 17 F.4th at 524 (emphasis added) (citing FED. R. CIV. P. 6(b)(1)(A)).

With these two very different standards in mind, I will now consider each of the State's requested extensions.

## ANALYSIS

**A.   THE STATE'S REQUEST FOR A TWO-WEEK EXTENSION TO RESPOND TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

The State's current deadline for responding to Plaintiffs' Motion for Partial Summary Judgment is March 31, 2023. The State would like to move that deadline to April 14, 2023. The ancillary question is what standard governs this request. The Docket Control Order is silent as to any deadline for *responding* to a dispositive motion. Accordingly, I find that the State's request is governed, not by Rule 16(b)(4), but by Rule 6(b)(1)(A).[3] Therefore, I may extend this deadline "*for any reason.*" *Nelson*, 17 F.4th at 524 (emphasis added) (citing FED. R. CIV. P. 6(b)(1)(A)). Under this incredibly lenient standard, I have no trouble granting the State's requested extension.

Plaintiffs filed their Motion for Partial Summary Judgment a mere 16 days after the State changed its lead counsel. *See* Dkt. 107. The State's reasons for needing an extension to its response deadline—that its lead counsel is still getting up to speed, has been busy prepping for three recent depositions, and only received the last of those deposition transcripts *while the instant motion has been pending*—are understandable. Frankly, I am disappointed that I have to spill any ink addressing this request, which should have been readily agreed to by Plaintiffs as a common courtesy. Thus, I will grant the State's request for a two-week extension to respond to Plaintiffs' Motion for Partial Summary Judgment. The State's new response deadline is April 14, 2023.

---

[3] That is not to say that Rule 6 controls anytime a Docket Control Order is silent as to a response deadline. Here, the dispositive motion filing deadline set by the Docket Control Order is April 13, 2023. *See* Dkt. 80 at 1. Accordingly, the State seeks to extend its deadline to *respond* to a dispositive motion to only one day after the deadline for *filing* said motion.

**B.**     **THE STATE'S REQUEST FOR A TWO-WEEK EXTENSION OF THE DISPOSITIVE MOTION DEADLINE**

The deadline for filing dispositive motions is currently April 13, 2023. *See* Dkt. 80 at 1. The State seeks to extend this deadline by two weeks, to April 27, 2023. I will consider each of Rule 16(b)(4)'s four "good cause" factors one by one.

### 1. *The Explanation for the Failure to Timely Comply with the Scheduling Order (Factor 1)*

The burden rests with the State, as the party seeking to modify the scheduling order, to show that the deadline cannot reasonably be "met despite [its] diligence." *Squyres*, 782 F.3d at 237 (quotation omitted). On this point, I must side with the State. The State has entirely new lead counsel who just recently made an appearance in this case. That new counsel has requested a mere two-week extension to the dispositive motion deadline. That seems entirely reasonable, and I generally will bend over backwards to give new counsel an opportunity to become familiar with the matter. Therefore, I find that this factor—the most important factor—weighs in favor of granting the State's requested modification of the dispositive motion deadline.

### 2. *The Importance of the Modification (Factor 2)*

As the State points out in its reply, all of the Rule 16 cases that Plaintiffs cite in support of their response concern far more impactful scheduling order modifications than a mere two-week extension to an as-yet-elapsed filing deadline. *See Batiste*, 976 F.3d at 500–01 (upholding denial of leave to supplement summary judgment opposition); *Marathon*, 591 F.3d at 470–71 (upholding denial of leave to amend complaint); *S & W Enters.*, 315 F.3d at 535–37 (same); *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003) (same); *Hernandez v. Mario's Auto Sales, Inc.*, 617 F. Supp. 2d 488, 496 (S.D. Tex. 2009) (denying motion to extend discovery deadline); *Grp. Dealer Servs., Inc. v. Sw. Bell Mobile Sys., Inc.*, No. CIV.A.SA-00CA-0381OG, 2001 WL 674194, at *2 (W.D. Tex. Mar. 9, 2001) (same). Additionally, Plaintiffs cite *Shiver v. Sprintcom, Inc.* for this extraordinary quote: "Equity aids the vigilant and not those who slumber on their

rights." 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001) (quoting *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 708 (5th Cir. 1994)). But *Shiver* dealt with the timeliness of removal to federal court, while the case it quoted, *National Association of Government Employees*, dealt with whether laches precluded plaintiffs' civil rights claims. The requested modification at issue here—a short extension of a filing deadline—will not result in new evidence, new claims, or new parties. Accordingly, this factor also weighs in favor of granting the State's request.

### 3. *The Potential Prejudice of a Two-Week Extension (Factor 3)*

There is a proportional relationship between the importance of the requested scheduling order modification and any potential prejudice. Because the State's requested modification is not particularly impactful, there is little (if any) prejudice. Plaintiffs argue that the State's "requested extensions should not be granted simply because the trial in this matter might be delayed." Dkt. 125 at 4. On that note, let me put this issue to rest: I am vacating the June 1, 2023 docket call. The parties should have the class certification issues decided in advance of trial. I have not ruled on Plaintiffs' Motion for Class Certification (Dkt. 69) because the State's interlocutory appeal of the denial of its motion to dismiss was pending at the Fifth Circuit. The Fifth Circuit issued its mandate only last week. Now that the Fifth Circuit has spoken, I have turned my attention to Plaintiffs' class certification motion and will issue a memorandum and recommendation shortly. But between the time for objections, the response to objections, the reply (if any), and Judge Brown's consideration of the foregoing, this issue is unlikely to be finally resolved until June. For this reason, the June 1, 2023 docket call is vacated. Accordingly, this factor also weighs in favor of granting the State's requested modification of the dispositive motion deadline.

### 4. The Availability of a Continuance to Cure Any Prejudice (Factor 4)

Because this case will not go to trial in June 2023, I find that there is no prejudice from extending the dispositive motion deadline by two weeks. I need not address the fourth factor beyond observing that it, too, weighs in the State's favor. That said, should Plaintiffs require any extensions of time, I expect the State to be exceedingly generous in agreeing to such request(s).

## CONCLUSION

Having considered each of the State's requested extensions under the correct legal standard, I **GRANT** the State's motion (Dkt. 124). The State will file its response to Plaintiffs' Partial Motion for Summary Judgment by April 14, 2023. The Docket Control Order (Dkt. 80) is amended: dispositive motions are now due by April 27, 2023. The June 1, 2023 docket call is **VACATED**. A new docket call will be set as soon as the class certification issues are resolved.

SIGNED this 31st day of March 2023.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE