Case 3:20-cv-00223   Document 130   Filed on 04/10/23 in TXSD   Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
April 10, 2023
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION**

| | | |
|---|---|---|
| RICHARD & WENDY DEVILLIER, *et al.*, | § § § § | |
| Plaintiffs. | § § | CIVIL ACTION NO. 3:20-cv-00223 |
| V. | § § | |
| STATE OF TEXAS, | § § | |
| Defendant. | § § | |

## **OPINION AND ORDER**

The State of Texas has filed a motion requesting to indefinitely stay this action. *See* Dkt. 110. Plaintiffs forcefully oppose the relief sought.

At the outset, let me note that a district court possesses "general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. Blanchard*, 667 F.2d 477, 479 (5th Cir. 1982). This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The Fifth Circuit has explained that granting an indefinite stay should not be an everyday occurrence. *See Coastal (Bermuda) Ltd. v. E.W. Saybolt & Co.*, 761 F.2d 198, 204 (5th Cir. 1985) ("The granting of indefinite stays should not be a quotidian exercise."). The party seeking to stay a case "bears a heavy burden to show why a stay should be granted." *Id.* at 203 n.6. "Where a discretionary stay is proposed, something close to genuine necessity should be the mother of its invocation." *Id.*

I am at a complete loss to understand why a stay is necessary in this matter. This case has been on file for nearly three years, and the parties have worked diligently to prepare for trial. Discovery concluded on March 24, 2023. There is a pending motion for Class Certification (Dkt. 69), which is ripe for a decision. Also on file is a fully briefed Motion to Strike Defendant's Expert Reports (Dkt. 103), as

well as a Motion for Partial Summary Judgment (Dkt. 109), which needs to be addressed once briefing is completed later this month. The parties have until April 27, 2023, to file additional dispositive motions for the court to consider. The pending motions need to be addressed. I see no valid reason to delay resolution of these motions until the United States Supreme Court decides whether to grant certiorari on Plaintiffs' Takings Clause claim. Let's get all of these referenced motions decided promptly. Once we do that, we can recalibrate and see where we are and when a trial date needs to be set.

Accordingly, the State of Texas's Opposed First Motion to Stay the Proceedings (Dkt. 110) is **DENIED**.

SIGNED this 10th day of April 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE