UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RICHARD & WENDY DEVILLIER, et al.,<br>    on behalf of themselves and all others<br>    Similarly situated,<br>    Plaintiffs,<br><br>v.<br><br>THE STATE OF TEXAS,<br>    Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:20-cv-00223<br><br><br>Jury Trial Demanded |

**REPLY IN SUPPORT OF
PLAINTIFFS' MOTION TO LIFT STAY AND FOR LEAVE TO FILE
SECOND AMENDED MASTER COMPLAINT AND SUPPLEMENT TO MOTION
FOR PARTIAL SUMMARY JUDGMENT**

Plaintiffs have moved this Court to lift the current administrative stay and to order the filing of their Second Amended Master Complaint and their Supplement to Motion for Partial Summary Judgment in the forms attached as Exhibits A and B to that motion. *See* ECF 156.

The State's late-filed response makes one solitary argument in response is an assertion that "the motion is untimely, as the case is still pending before the Fifth Circuit, and this Court has not yet regained jurisdiction." ECF 159, at 1. But that is wrong. As the cases cited and relied on by the State acknowledge, the district court does not lose jurisdiction over the entire case during an interlocutory appeal. Rather, "[w]hen aspect of a case is before the appellate court on interlocutory review, the district court is divested of jurisdiction over that aspect of the case. *Dayton Indep. Sch. Dist. v. U.S. Min. Prod. Co.*, 906 F.2d 1059, 1063 (5th Cir. 1990) (emphasis added) (citing *Coastal Corp. v. Texas Eastern Corp.*, 869 F.2d 817, 820–21 (5th Cir. 1989)); *see also Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) (discussing conflicting jurisdiction in the context of an appeal from a final judgment). That is not this case.

As the Court is well aware, when it permitted the interlocutory appeal of its denial of the State's motion to dismiss, it did so in part based on the State's agreement that these proceedings remained

unaffected. The State accepted the condition and in October 2021 pursued its appeal. *See, e.g.*, ECF 59 October 22, 2021 notice of filing of appellate transcript).

But—as the docket sheet confirms—this matter went forward through the completion of discovery, briefing and an evidentiary hearing on class certification, the filing of motions to strike experts, and briefing on dueling dispositive motions. ECF 60, 73, 74, 81, 85, 87, 88, 90, 92, 93, 103, 104, 105, 109, 131, 132, 134, 141, 144, 145, 148. It even continued past the State's previous motion to stay. ECF 110, 129, 130. Nothing has changed to somehow divest this Court of the jurisdiction it has exercised over this case since October 2021 and effectively stay all proceedings pending remand of the issues appealed to the Fifth Circuit. *Cf.* ECF 130 ("I am at a complete loss to understand why a stay is necessary in this matter.").

And as Plaintiffs explained in the instant motion, the requested relief cannot be impacted by any ruling from the Fifth Circuit because the matters addressed in the instant motion (asking an amend the complaint to add a claim never before in the case, therefore not subject to the appeal, and to file a supplement to a motion already before this Court) are not within its limited jurisdiction over the order denying the State's motion to dismiss. *See Hernandez v. Results Staffing, Inc.*, 907 F.3d 354, 363 (5th Cir. 2018) (noting that review of an order pursuant to 28 U.S.C. § 1292(b) is "confined to the particular order appeals from") (cleaned up and quoting *United States v. Stanley*, 483 U.S. 669, 677 (1987)). As Judge Oldham recently explained, while "the appellate court may address any issue fairly included within the certified order, the court of appeals may not reach beyond the certified order to address other orders made in the case." *Consumer Fin. Prot. Bureau v. All Am. Check Cashing, Inc.*, 33 F.4th 218, 244 (5th Cir. 2022) (cleaned up and citing *Yamaha Motor Corp., U.S.A. v. Calhoun*, 516 U.S. 199, 116 (1996)); *accord* 16 C. Wright & A. Miller, Federal Practice and Procedure § 3929 (June 2024 update) ("Once the district court has entered the required order and the court of appeals has permitted the appeal, the scope of the issues open to the court of appeals is closely limited to the order appealed

from, but not to the specific stated question."). As the matters addressed in Plaintiffs' motion are outside the scope of the order from which the State took its § 1292(b) interlocutory appeal, this Court retains jurisdiction to grant the requested relief; jurisdiction it has exercised throughout the pendency of that interlocutory appeal.

## Conclusion

Plaintiffs request entry of an order directing the clerk to file their Second Amended Master Complaint (ECF 156-1), as well as their Supplement to Motion for Partial Summary Judgment (ECF 156-2).

Dated: September 4, 2024

Respectfully submitted,

*/s/ Daniel H. Charest*
Daniel H. Charest (SBN: 24057803)
E. Lawrence (Larry) Vincent
(SBN: 20585590)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
Telephone: (469) 904-4550
Facsimile: (469) 444-5002
dcharest@burnscharest.com
lvincent@burnscharest.com

Charles Irvine (SBN: 24055716)
IRVINE & CONNER, PLLC
4709 Austin Street
Houston, Texas 77004
Telephone: (713) 533-1704
Facsimile: (713) 524-5165
charles@irvineconner.com

Lawrence G. Dunbar (SBN: 06209450)
DUNBAR LAW FIRM, PLLC
13121 Louetta Road, #1240
Cypress, Texas 77429
Telephone: (281) 868-7456
Facsimile: (281) 868-7463
ldunbar@dunbarlawtx.com

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

 I certify that that on September 4, 2024, this document was filed electronically via the Court's CM/ECF system, causing electronic service upon all counsel of record.

          */s/ Daniel H. Charest*
          Daniel Charest